| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** |
| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 02 C 7825 | **DATE** | 2/2/2004 | |
| **CASE TITLE** | \multicolumn{4}{l}{Sarver vs. Experian Information Solutions} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices: 2 |
| ✓ | Notices mailed by judge's staff. | FEB 0 3 2004 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2/2/2004 date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office |
| | | MPJ mailing deputy initials |

Document Number: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LLOYD SARVER,                          )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )    No. 02 C 7825
                                       )
EXPERIAN INFORMATION SOLUTIONS,        )
INC.,                                  )
                                       )
            Defendant.                 )
                                       )

DOCKETED
FEB 03 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Lloyd Sarver alleges that defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by reporting inaccurate information in his credit report. Experian moves for summary judgment, claiming it had no notice of Mr. Sarver's dispute and that Mr. Sarver was in any case not injured by the information. I grant that motion.

On August 2, 2002, Monogram Bank of Georgia denied Mr. Sarver credit, citing his credit report and specifically a bankruptcy that appeared therein. Mr. Sarver contacted Experian twice, on July 18 and August 26, 2002, obtaining a copy of his credit report each time. On both reports, accounts with Cross Country Bank were listed as having been discharged in bankruptcy. No other accounts had this designation on Mr. Sarver's reports. On August 29, 2002, Mr. Sarver wrote Experian, stating that the bankruptcy information



was inaccurate and asking that it be removed from his report. Mr. Sarver provided his full name and address, but no other identifying information. On September 11, 2002, Experian sent Mr. Sarver a letter requesting further information, including his Social Security number, before it could begin an investigation. On October 30, 2002, Mr. Sarver filed the present lawsuit against Experian, making claims under 15 U.S.C. §§ 1681i(a), 1681i(c), and 1681e(b).

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In order to avoid summary judgment, Mr. Sarver must raise a question of material fact on each of four elements: "(1) that there was inaccurate information in his consumer credit report, (2) that the inaccuracy was due to Experian's failure to follow reasonable procedures to assure accuracy, (3) that he suffered actual damages, and (4) that those damages were caused by the inaccuracy." *Lee v. Experian Info. Solutions*, No. 02-C8424, 2003 WL 22287351 at *2 (N.D. Ill. Oct. 2, 2003) (citing *Philbin v. Trans Union Corp.*, 101

F.3d 957, 963 (3d Cir. 1996). Experian argues that Mr. Sarver cannot establish that Experian did not follow reasonable procedures or that he suffered actual damages.

FCRA requires that reporting agencies use "reasonable procedures to assure maximum possible accuracy" of the information reported. 15 U.S.C. § 1681e(b). Reporting agencies must also investigate once a consumer has notified the agency of a potential error. 15 U.S.C. § 1681i(a).[1] The reporting agency may terminate an investigation if the consumer fails "to provide sufficient information to reinvestigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A). Experian argues that it was under no duty to conduct an investigation because Mr. Sarver did not sufficiently identify himself or his dispute. The reasonableness of a reporting agency's procedures is normally a question for the jury. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001). However, the procedures may be reasonable as a matter of law "where the reasonableness of the procedures used ... is beyond question." *Lee*, 2003 WL 22287351 at *3.

Mr. Sarver's August 29 letter was enough to notify Experian that he wished to dispute something about his credit report.

---

[1] This duty to investigate under § 1681i(a) has been construed as a more stringent obligation than the duty under § 1681e(b). *See, e.g., Lee*, 2003 WL 22287351 at *3 n.8 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997)). If Experian meets the requirements of § 1681i(a), it has also met the requirements of § 1681e(b).

Experian responded by sending Mr. Sarver a letter requesting more specific information about both him and his dispute, information necessary for Experian to ensure investigation of the correct information on the correct report. Mr. Sarver chose not to respond to this letter, instead filing this lawsuit. Mr. Sarver's distaste for Experian's process does not make that process unreasonable. The information requested before attempting to investigate the dispute was reasonable.

Mr. Sarver is also unable to show any actual injury caused by the incorrect information appearing on his credit report. Assuming his August 29 letter served as notice, Experian could only potentially be liable for injury occurring after that date. No credit granting agency requested Mr. Sarver's credit report between August 29, 2002 and at least February 20, 2003.[2] Mr. Sarver claims that he suffered emotional and mental distress as a result of the incorrect information. While emotional distress could potentially constitute actual damages, the distress must result from the publication of the inaccurate information to a third party. *See, e.g., Field v. Trans Union LLC*, No. 01-C6398, 2002 WL 849589 at *5 (N.D. Ill. May 3, 2002). Mr. Sarver presents no evidence that his credit report was published to any third party in the time period

---

[2] Mr. Sarver requested and was sent another copy of his credit report from Experian on February 20, 2003. In the interim, Cross Country Bank had updated and corrected its entries with Experian.

4

between his letter to Experian and the filing of this lawsuit. Without an injury, Mr. Sarver cannot sustain his claims under FCRA.

Mr. Sarver also alleges that Experian violated FCRA by failing to note the dispute of his inaccurate information. 15 U.S.C. § 1681i(c). Mr. Sarver makes no attempt to defend this claim on summary judgement, and so it fails. *Oak Brook Hotel Co. v. Teachers Ins. and Annuity Ass'n*, 846 F. Supp. 641 (N.D. Ill. 1994).

Finally, Mr. Sarver alleges that Experian has willfully violated FCRA and therefore he is entitled to both attorney's fees and punitive damages. 15 U.S.C. § 1681n. Mr. Sarver is unable to establish a violation of FCRA, as explained above, let alone a willful violation. This claim fails.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: February 2, 2004